UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br>v.<br><br>SOO LINE RAILROAD COMPANY, d/b/a C.P. RAIL SYSTEM,<br><br>    Defendant. | Civil Action No. 99-940<br><br>**CONSENT DECREE** |

I. **THE PARTIES' CONTENTIONS**

  A. <u>The EEOC's Allegations</u>

This action was filed by the Equal Employment Opportunity Commission ("EEOC") on July 21, 1999. In its Complaint, the EEOC alleged that the defendant, Soo Line Railroad Company ("Soo Line"), violated the Americans with Disabilities Act of 1990 ("ADA"), in the following manner:

  1. On or about November 28, 1994, Soo Line failed to hire Edward J. Clausen ("Clausen") as a Railroad Carman, because it regarded him as disabled by virtue of earlier ankle and neck injuries, or, alternatively, because of a record of a disability;

  2. Soo Line rejected Mr. Clausen based on an assessment of medical records which did not include an individualized, personal examination of him, and rejected the opinions of his own two treating physicians and an independent physician retained by Soo Line, all of whom viewed Mr. Clausen as fit to perform the duties of the Carman job;

1879127v1 (149XZ01!.DOC)

APR 27 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. Soo Line's medical evaluation practices screen out, or tend to screen out, individuals with disabilities without an individualized medical examination, and are not consistent with business necessity; and

4. Soo Line made pre-employment inquiries of Mr. Clausen and other job applicants which elicited the existence, nature, or severity of prior medical conditions.

B. The Soo Line's Contentions

Soo Line denies the factual and legal allegations made by the EEOC.

C. Non-Admission of Liability or Wrongdoing

The EEOC and Soo Line have agreed to settle these claims without either party agreeing with the other's contentions, without any judicial finding or determination concerning the merit of the EEOC's claims, or of Soo Line's defenses to them and without any admission of liability or wrongdoing on Soo Line's part.

II. SETTLEMENT TERMS.

A. MONETARY PAYMENTS.

1. Settlement Payment to Charging Party. Soo Line agrees that, within 15 days of signature of this Consent Decree by the parties and by Mr. Clausen, it will pay Sixty-eight thousand one hundred seventy-five and No/100 Dollars ($68,175.00), to Mr. Clausen in full resolution of all of the EEOC's claims. Soo Line shall mail its payment to Mr. Clausen at his home address, 1374 Birmingham Street, St. Paul, Minnesota 55106, and simultaneously mail a copy of the payment check to the undersigned EEOC attorney.

2. <u>Signing of Release</u>. As a condition of receiving the aforementioned monetary payment, Mr. Clausen shall sign the release attached as Exhibit A to this Consent Decree.

B. <u>NON-MONETARY TERMS</u>

1. <u>Compliance with the ADA</u>.

Without admitting any failure to comply with the ADA in the past, or admitting any of the EEOC's allegations in this lawsuit, Soo Line affirms that it recognizes its obligations to comply fully with the ADA:

(A) Soo Line shall not reject candidates for any medical reason that is not consistent with business necessity or with the concept of "direct threat" as defined by the ADA.

(B) Soo Line agrees to continue its existing practice of conducting individualized physical examinations of all candidates to whom it has extended a conditional job offer.

(C) If the individualized physical examination reveals a medical condition that Soo Line believes may preclude the candidate from performing the essential functions of the job or may pose a "direct threat" of injury to the candidate or others, Soo Line shall engage in an appropriate interactive process with the candidate which goes beyond an assessment of the candidate's medical records alone.

(D) Nothing herein shall impair Soo Line's discretion to medically determine a candidate's ability to perform the essential functions of the job or to medically determine whether the candidate poses a "direct threat" of injury to him or herself or others.

(E)     Prior to extending offers of employment, Soo Line shall not make pre-employment inquiries to job applicants which elicit the existence, nature, or severity of prior medical conditions.

(F)     Soo Line agrees to comply with all ADA rules and regulations currently in effect pertaining to requests for and use of medical information.

2.     Dissemination of Mission Statement and Training.

Within 30 days of execution of this Consent Decree, Soo Line will issue to all of its employees a policy statement affirming its commitment to comply with the ADA, and stating that it is the responsibility of all Soo Line employees to comply with the ADA. Soo Line agrees to disseminate the policy statement in the form attached to this Consent Decree as Exhibit B (or in such other form as it may choose, with the EEOC's consent). Once each year for the next three years, Soo Line shall re-issue the policy statement on an annual basis, accompanied by appropriate annual training for all managers, human resources staff, recruiting department personnel, and all others with day-to-day ADA responsibility. Such training shall be conducted by one or more outside trainers chosen by Soo Line with the EEOC's consent. Nothing in this Consent Decree shall be deemed to modify the requirements of the ADA as set forth in the statute or in the EEOC's regulations, interpretations, or guidance statements. Nothing in this Consent Decree shall be deemed to preclude Soo Line from asserting in good faith a factual or legal argument for the modification of the ADA statutory provisions or the EEOC's regulations, interpretations, or guidance statements.

3.     Certification to EEOC.

Upon each annual compliance with the foregoing provision of this Consent Decree, Soo Line shall promptly certify such compliance to the undersigned EEOC attorney.

4.  Enforcement of Terms and Dismissal of Case.

Upon execution of the Consent Decree by the parties and Mr. Clausen, the parties shall execute a "Stipulation and Order for Dismissal with Prejudice," which is attached to this Consent Decree as Exhibit C, and pursuant to Fed. R. Civ. P. 41(a)(2), dismiss this case without costs to either party, with the Court to reserve jurisdiction only to enforce the terms of the Consent Decree. The parties agree that this Consent Decree shall not restrict the EEOC's authority or ability to process any charges against Soo Line which do not arise from or are not related to Mr. Clausen's charge.

5.  Jurisdiction.

The district court shall retain jurisdiction over this matter for three years for purposes of enforcement of this Consent Decree.

Dated: 4-17-00

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____
Jean Kamp
Acting Regional Attorney

Rosemary Fox
Supervisory Trial Attorney

|  |  |
|---|---|
| Dated:_____ | SOO LINE RAILROAD COMPANY<br><br>By: *[signature]*<br>Its: *[signature]* |
| **APPROVED AS TO FORM:**<br><br>Dated: *April 14, 2000* | *[signature]*<br>Dennis R. McBride<br><br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>Milwaukee District Office<br>310 West Wisconsin Avenue, Suite 800<br>Milwaukee, WI 53203-2292<br>(414) 297-4188<br><br>**SENIOR TRIAL ATTORNEY** |
| Dated: *4/10/2000* | *[signature]*<br>Daniel L. Palmquist (#217694)<br><br>LEONARD STREET AND DEINARD<br>PROFESSIONAL ASSOCIATION<br>150 South Fifth Street, Suite 2300<br>Minneapolis MN 55402<br>(612) 335-1500<br><br>**ATTORNEYS FOR DEFENDANT**<br>**SOO LINE RAILROAD COMPANY** |

EXHIBIT A

RELEASE OF CLAIMS

As a material inducement for Soo Line to enter into this Consent Decree and Release, and for the consideration set forth therein, Edward J. Clausen and his heirs, executors, and assigns hereby irrevocably and unconditionally release Soo Line and its predecessors, successors, assigns, directors, officers, partners, managers, supervisors, employees, representatives, agents, attorneys, divisions, subsidiary entities and/or corporations, affiliates, parent entities and/or corporations, and all persons acting by, through, under, or in concert with them, from any claim or charge of discrimination that he now has under the Americans with Disabilities Act ("ADA"), and from any ADA claim or charge of discrimination which he previously had or claimed to have against Soo Line.

Dated: _____            _____
                                     Edward J. Clausen

1879127v1 (I49XZ01!.DOC)

EXHIBIT B

[Soo Line's Letterhead]

Soo Line Railroad Company Transportation believes in hiring, placing, and promoting individuals on the basis of qualifications and merit. It is Soo Line's policy that all employment practices, including recruiting, hiring, promotion, layoff, recall from layoff, training, compensation, benefits, and other terms, privileges and conditions of employment, be free from discrimination of any kind, including discrimination on the basis of real or perceived disability.

Disability will be defined as a physical or mental impairment that substantially limits one or more major life activities (like seeing, walking, hearing, speaking, breathing, performing manual tasks), a record of such impairment (e.g. a disease currently in remission), or being regarded as having such an impairment (e.g. being HIV positive).

A qualified individual with a disability who meets the legitimate skill, experience, or other requirements of a position that he or she holds or seeks and who can perform the essential functions of the position, with or without reasonable accommodation, shall be considered for employment opportunities at Soo Line.

We will make reasonable accommodations, upon the request of the individual with a disability, seeking in each situation a flexible, interactive approach with the individual seeking an accommodation, which may involve modifying rules which still apply to all other employees. Whether an accommodation is reasonable and feasible, and may be accomplished without an undue burden, will be determined on a case-by-case basis. Each employee presented with a reasonable accommodation request must insure that the request is responded to in a prompt and considerate manner, and must maintain active communication with the individual seeking an accommodation.

It is the responsibility of all Soo Line employees to comply with this policy in fact and in spirit.

Dated: _____    _____
                            Chairman and CEO

1879127v1 (149XZ01!.DOC)